DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 2022-0004 |
| BERNARD FLAVIUS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**Attorneys:**
**Evan Rikhye, Esq.,**
St. Croix, U.S.V.I.
**Adam Francis Sleeper, Esq.,**
St. Thomas, U.S.V.I.
    *For the United States*

**Gabriel J. Villegas, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## **ORDER**

THIS MATTER comes before the Court on the United States of America's ("Government") "Second Amended Motion for Reconsideration"[1] ("Reconsideration Motion") of this Court's May 28, 2023 Order and Memorandum Opinion (the "Opinion") granting in part and denying in part Defendant Bernard Flavius' ("Defendant") Motion to Suppress. (Dkt. No. 60). The Government seeks reconsideration of the portion of the Court's Order which granted Defendant's Motion to Suppress. For the reasons discussed below, the Court will grant the Government's Reconsideration Motion.

### I.   Background

In March 2022, Defendant was charged in a two-Count Information following a search warrant executed at Defendant's property. (Dkt. No. 12). Defendant then moved to suppress the

---

[1] The Government filed an Amended Motion to correct its citations to the Court's Memorandum Opinion (Dkt. No. 60 at 1), and a Second Amended Motion to "correct[] certain procedural issues with the first amended motion …." (Dkt. No. 64 at 1).

physical evidence—the 206 seized marijuana plants and aerial photographs of his property—as having been obtained in violation of the Fourth Amendment. (Dkt. No. 48). Defendant also sought to suppress his statement in which he admitted to ownership of the marijuana plants as violating *Miranda* and/or as fruit of the poisonous tree under the Fifth Amendment. *Id.*

With regard to his Fifth Amendment challenge, Defendant asserted that he was subject to a custodial interrogation at the time that he admitted to ownership of the marijuana plants found on his property. *Id.* at 5-6. At the suppression hearing, the Government's witness, Task Force Officer Moses President ("TFO President") and Defendant testified about their interaction during the search of Defendant's property. TFO President testified that upon approaching Defendant and his wife, Defendant admitted—without any questioning—to ownership of the marijuana plants. (Dkt. No. 46, Tr. 20:19-Tr. 21:2). Offering contrary testimony, Defendant testified that TFO President asked him, "[W]ho is planting this thing here?" *Id.* at 47:5-47:8. In response to TFO President's question, Defendant testified that he then admitted to growing the marijuana plants, stating, "Well, it's me that grow it." *Id.* at 47:7-47:8. Defendant was not *Mirandized* before making the statement.

In its Opinion, the Court found that TFO President's and Defendant's competing testimonies stood on equal footing; the Government bore the burden to demonstrate by a preponderance of the evidence that Defendant was not subject to custodial interrogation when he made the statement; and the Government had failed to carry its burden. *United States v. Flavius*, Criminal Action No. 2022-0004, 2023 WL 3692912, at *10-13 (D.V.I. May 28, 2023). Accordingly, the Court granted the Motion to Suppress as to Defendant's statement.[2]

---

[2] The Court denied Defendant's Motion to Suppress grounded in his Fourth Amendment challenge to the seizure of the marijuana plants and the aerial surveillance of his property. *See Flavius*, 2023 WL 3692912, at *6-7.

On June 2, 2023, the Government filed the instant Reconsideration Motion, wherein it requests that the Court reconsider its decision granting the Motion to Suppress as to Defendant's statement. (Dkt. No. 60). The Government argues, *inter alia*, that the Court incorrectly allocated the burden to the Government to establish that Defendant was not subject to custodial interrogation. *Id.* at *3. The Court agrees.

## II.     DISCUSSION

To prevail on a motion for reconsideration, "a plaintiff must show '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct clear error of law or fact or to prevent manifest injustice.'" *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999*)*; *see also* Local Rule of Civil Procedure 7.3(a) (listing same three grounds). The Government relies on the clear error/manifest injustice prong as the basis for its Reconsideration Motion. (Dkt. No. 64 at 1).

The Court finds that it erred in its allocation of the burden to the Government in determining whether Defendant had been interrogated at the time he made the incriminating statement. Accordingly, the Government's Reconsideration Motion will be granted to correct this error of law and properly allocate the respective burdens. To this end, the Court will vacate the portion of its May 28, 2023 ruling which granted Defendant's Motion to Suppress his statement.

In deciding that the Government bore the burden of proof that Defendant was subject to custodial interrogation, the Court cited to *United States v. Harris*, Criminal No. 07-355, 2008 WL 3545827, at *6 (W.D. Pa. Aug. 12, 2008), which allocates the burden to the government to establish by a preponderance of the evidence that the challenged statement was not a product of custodial interrogation. Other courts have also found that the government bears such responsibility. *See, e.g.*, *United States v. Davis*, No. 13-CR-00068, 2014 WL 1394304, at *3 (W.D. Pa. Apr. 9, 2014)

(internal citations omitted) (finding that because defendant had satisfied his burden by alleging that he was in custody when the challenged statement was made without being given *Miranda* warnings, the government was required to prove by a preponderance of the evidence that his statements were not the product of custodial interrogation); *United States v. Kofsky*, Criminal Action No. 06-392, 2007 WL 2480971, at *14 (E.D. Pa. Aug. 28, 2007) (internal citation omitted) ("Where a defendant seeks to suppress a statement under *Miranda*, the government bears the burden of establishing by a preponderance of the evidence that the statement was not the product of custodial interrogation conducted in the absence of Miranda warnings.").³ The Court acknowledges that while *Harris* and other district courts have reached a similar conclusion that it is the government that bears the burden of proving the existence of custodial interrogation in the absence of *Miranda* warnings, such decisions appear to be against the weight of authority. *See, e.g.*, *United States v. Woodson*, 30 F.4th 1295, 1302 (11th Cir. 2022) (citing *United States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977) (Because "the burdens of production and persuasion generally rest upon the movant in a suppression hearing," a defendant must show "that a confession was obtained while he was under custodial interrogation."); *United States v. Jorgensen,* 871 F.2d 725, 729 (8th Cir. 1989) (upholding dismissal of *Miranda* claim because the defendant "failed to demonstrate that he was subjected to custodial interrogation"); *United States v. Charles*, 738 F.2d 686, 691-92 (5th Cir. 1984) (noting that it was defendants' burden to demonstrate their statements were obtained while in custodial interrogation); *United States v. Mejia*, Criminal No. 2011-35, 2016 WL 7191630, at *20 (D.V.I.

---

³ These cases relied on *Colorado v. Connelly*, 479 U.S. 157, 168 (1986), in which the Supreme Court held that "[w]henever the State bears the burden of proof in a motion to suppress a statement that the defendant claims was obtained in violation of our *Miranda* doctrine, the State need prove waiver only by a preponderance of the evidence." *Id.* However, *Connelly* addresses the issue of who bears the burden with regard to waiver rather than the threshold issue presented here, which is whether the Government or Defendant carries the burden to prove whether there was a custodial interrogation.

Dec. 10, 2016) (internal citations omitted) (finding that the burden was on the defendant to show that he was subject to interrogation or that interrogation was imminent at the time he invoked his right to counsel); *United States v. Davis*, No. 10-CR-00011, 2010 WL 2405353, at *3 (D.V.I. June 10, 2010) (stating that "[d]efendant must show that the police should have known that their words and actions were 'reasonably likely to elicit an incriminating response from the suspect'"); *United States v. Artis*, No. 10-cr-15-01, 2010 WL 3767723, at *4 (D. Vt. Sept. 16, 2010) (noting that although courts have reached "divergent conclusions … [t]he weight of authority appears to hold that a defendant bears the burden of establishing that he or she was subjected to custodial interrogation"). The Court finds these cases instructive and therefore adopts their conclusion as to the allocation of the burden of proof on Defendant.

In light of the Court's finding that Defendant bears the burden to establish that he was subject to custodial interrogation by a preponderance of the evidence and the Court's prior determination that TFO President's and Defendant's testimonies were on equal footing with respect to credibility, the Court concludes that Defendant failed to carry his burden to demonstrate that he was subject to interrogation when he made the incriminating statement to TFO President. Other than his testimony that he was questioned by TFO President prior to making the statement, Defendant did not offer any additional evidence by which the Court could adduce that it was more likely than not that *his* version of events—and not TFO President's—was true. Therefore, Defendant's Motion to Suppress must fail. *See, e.g.*, *Mejia,* 2016 WL 7191630, at *20 (finding that defendant did not carry burden of proving that he was subject to interrogation before interview with agents when he attempted to invoke the right to counsel); *see also Davis*, 2010 WL 2405353, at *3 (denying suppression of defendant's statement after he failed to establish that he was being interrogated at the time he made statements admitting to ownership of firearm and said that the grenade found in his home could be purchased anywhere). Accordingly, the Court finds that

5

Defendant did not meet his burden, by a preponderance of the evidence, that he was subject to interrogation at the time he made his statements.

In view of the foregoing, the Court will grant the Government's "Second Amended Motion for Reconsideration."[4] Accordingly, the Court will vacate the portion of its Order and accompanying Memorandum Opinion which embodied the conclusion that the Government had the burden—which it failed to carry—to demonstrate by a preponderance of the evidence that Defendant was not subject to custodial interrogation.[5] Defendant's Motion to Suppress will therefore be denied in its entirety.

Upon consideration of the Government's "Second Amended Motion for Reconsideration" (Dkt. No. 64), and for the reasons set forth herein, it is hereby

**ORDERED** that Plaintiff United States of America's "Second Amended Motion for Reconsideration" (Dkt. No. 64) is **GRANTED**; and it is further

**ORDERED** that the Court's May 28, 2023 Order granting in part Defendant Bernard Flavius' "Motion to Suppress" (Dkt. No. 56) is **VACATED**; and it is further

**ORDERED** that the Defendant Bernard Flavius' "Motion to Suppress" (Dkt. No. 32) is **DENIED** in its entirety; and it is further

**ORDERED** that Plaintiff United States of America's "Motion for Reconsideration" (Dkt. No. 59) is **DENIED AS MOOT**; and it is further

---

[4] Because Defendant failed to show that he was interrogated, the Court does not need to reach—upon reconsideration—the question whether Defendant was in custody at the time he made the statement because Defendant cannot succeed on his Fifth Amendment claim unless he establishes *both* interrogation and custody.

[5] In its Opinion, the Court noted that counsel for the Government had a "seemingly complacent attitude" and showed a "lack of preparedness" toward proving that Defendant was not subject to a custodial interrogation. *Flavius*, 2023 WL 3692912, at *11 n.10. However, in light of the fact that it is Defendant who bears the burden, the Government cannot be criticized for not assuming a burden that it was not legally obligated to bear.

**ORDERED** that Plaintiff United States of America's "Amended Motion for Reconsideration" (Dkt. No. 60) is **DENIED AS MOOT**.

**SO ORDERED.**

Date: July 18, 2023  _____/s/_____
WILMA A. LEWIS
District Judge